UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**ANTHONY TYRONE GARRETT,**

Movant,

v.

No. 4:25-cv-1389-P
(No. 4:23-cr-0279-P)

**UNITED STATES OF AMERICA,**

Respondent.

## OPINION AND ORDER

Came on for consideration the motion of Anthony Tyrone Garrett under 28 U.S.C. § 2255 to vacate, set aside, or correct judgment by a person in federal custody. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DENIED**.

## BACKGROUND

On October 12, 2023, Movant was named in a one-count indictment charging him with conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR ECF No.[1] 12. On October 18, 2023, he was named in a one-count superseding information charging him with conspiracy to possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine. CR ECF No. 17. Movant entered into a plea agreement with waiver of appeal pursuant to which he agreed to plead guilty to the offense charged in the superseding information and the government agreed not to bring any additional charges based upon the conduct underlying and related to the plea and to dismiss any remaining charges. CR ECF No. 23. In addition, the plea agreement provided that: the maximum sentence of imprisonment was for a period not to exceed 20 years; Movant had reviewed the guidelines with counsel but

---

[1] The "CR ECF No. ___" reference is to the number of the item on the docket in the underlying criminal case, No. 4:23-cr-0279-P.

understood that the guidelines were not binding on the Court and that no one could predict with certainty the sentence that would be imposed; Movant could not withdraw his plea if the sentence was higher than expected; the plea was freely and voluntarily made and was not the result of force, threats, or promises; Movant waived his right to appeal except in certain limited circumstances; Movant had thoroughly reviewed all legal and factual aspects of his case with counsel and was fully satisfied with counsel's legal representation; and, the document contained a complete statement of the parties' agreement. *Id.* Movant also signed a factual resume that set forth the maximum penalties he faced, the elements of the offense charged by the superseding information, and the stipulated facts establishing that Movant had committed that offense. CR ECF No. 24.

On October 25, 2023, Movant appeared for arraignment on the superseding information and testified under oath in open court that: he understood that he should not rely on any statement or promise by anyone as to what penalty would be assessed; he understood and waived his right to indictment; he had read and fully understood the nature of the charge against him; he understood and admitted that he had committed all of the essential elements of the offense charged; he was fully satisfied with the representation and advice provided by counsel; he had read and understood the plea agreement before signing it; he fully understood the waiver of appeal and knowingly and voluntarily waived the right to appeal as set forth in the plea agreement; all of the terms of the agreement were set forth in the written plea documents; he voluntarily and of his own free will entered into the plea agreement; no one made any promise or assurance of any kind to induce him to enter a plea of guilty; he understood the penalties he faced; he had read, fully understood, and signed the factual resume and all of the facts stated in it were true and correct. CR ECF No. 51.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 36. CR ECF No. 29-1, ¶ 42. He received a two-level and a one-level adjustment for acceptance of responsibility. *Id.* ¶¶ 49, 50. Based on a total offense level of 33 and a criminal history category of V, Movant's guideline imprisonment range

was 210 to 262 months; however, the statutorily-authorized maximum sentence was 20 years, so the guideline range became 210 to 240 months. *Id.* ¶ 120. Movant filed objections, CR ECF No. 30, and the probation officer filed an addendum to the PSR. CR ECF No. 33-1.

The Court sentenced Movant to a term of imprisonment of 210 months. CR ECF No. 42. He appealed, CR ECF No. 44, even though he had waived the right to do so. CR ECF No. 23, ¶ 11. The United States Court of Appeals for the Fifth Circuit affirmed. *United States v. Garrett*, No. 24-10171, 2024 WL 4635433 (5th Cir. Oct. 31, 2024).

## GROUNDS OF THE MOTION

Movant sets forth two grounds in support of his motion, both alleging that he received ineffective assistance of counsel. ECF No.[2] 1; ECF No. 2.

## APPLICABLE LEGAL STANDARDS

### A.  § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both cause for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v.*

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

*Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

## B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

In his first ground, Movant alleges that counsel provided ineffective assistance in failing to challenge the government's breach of the plea agreement. ECF No. 1 at 4. In his second ground, he alleges that counsel rendered ineffective assistance is failing to "challenge inflated drug quantities surrounding purity." *Id.* at 5. His memorandum does not

4

provide much clarity. ECF No. 2. His reply seems to repeat the allegations of the memorandum, again failing to point to any part of the plea agreement that was violated. ECF No. 11.

As best the Court can tell, Movant seems to be arguing that the government breached the plea agreement, but he does not explain why that is so. The alleged breach seems to be connected with the drug quantity argument, which is also lacking in specifics. Movant refers to a "sentencing agreement of 144–175 months agreed to by [him]," ECF No. 2 at 3, but the plea agreement has no such reference and Movant has not provided any independent proof to support his contention.

Any claim that the government breached the plea agreement is belied by the record. The plea agreement is unambiguous. It "is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties." CR ECF No. 23, ¶ 13. It "supersedes any and all other promises, representations, understandings, and agreements" made at any time. *Id*. And, it reflects that no promises or representations have been made by the government "except as set forth in writing in this plea agreement." *Id*. The government's agreement is set forth in paragraph 8, which provides that the government will not bring any additional charges against Movant and that it will dismiss, after sentencing, any remaining charges. The agreement does not obligate the government to do anything else. Movant testified under oath that he had read and understood the plea agreement before signing it, that all of the terms of his agreement with the government were set out in the written agreement, and that no one had made any promise or assurance of any kind to induce him to enter into his plea. CR ECF No. 51 at 52–58. The government did not breach its agreement and Movant can offer no evidence that it did. Any objection by counsel regarding the government's conduct would have been frivolous. *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) (counsel is not ineffective for failing to make frivolous objections); *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (same).

As for the argument about drug quantity, Movant seems to be complaining that his sentence was based on the purity of the drugs for which he was held accountable. He is mistaken to argue that counsel

5

failed to raise that issue. The sole focus of the objection filed was that Movant "contest[ed] the fact that said methamphetamine was especially pure thereby putting him at a level 36 base level offense." CR ECF No. 30 at 2. And, he argued that it was not fair to use purity as a proxy for his culpability in the conspiracy. *Id.* at 2–5. The Court considered the objection and overruled it. CR ECF No. 50 at 5. Movant has not shown what counsel could or should have done differently and how it would have changed the outcome of the case. In any event, he waived the right to pursue this issue. CR ECF No. 23, ¶ 11. He could not have prevailed on appeal in any event.

## CONCLUSION

For the reasons discussed, Movant's motion is **DENIED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **21st day of April 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE